OFFICE COPY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

10 CV 3594

---

KENNETH M. KRYS and MARGOT MACINNIS as JOINT OFFICIAL LIQUIDATORS of SPHINX LTD., SPHINX STRATEGY FUND LTD., SPHINX PLUS SPC LTD., SPHINX DISTRESSED LTD., SPHINX MERGER ARBITRAGE LTD., SPHINX SPECIAL SITUATIONS LTD., SPHINX MACRO LTD., SPHINX LONG/SHORT EQUITY LTD., SPHINX MANAGED FUTURES LTD., SPHINX EQUITY MARKET NEUTRAL LTD., SPHINX CONVERTIBLE ARBITRAGE LTD., SPHINX FIXED INCOME ARBITRAGE LTD., SPHINX DISTRESSED FUND SPC, SPHINX MERGER ARBITRAGE FUND SPC, SPHINX SPECIAL SITUATIONS FUND SPC, SPHINX MACRO FUND SPC, SPHINX LONG/SHORT EQUITY FUND SPC, SPHINX MANAGED FUTURES FUND SPC, SPHINX EQUITY MARKET NEUTRAL FUND SPC, SPHINX CONVERTIBLE ARBITRAGE FUND SPC, SPHINX FIXED INCOME ARBITRAGE FUND SPC and PLUSFUNDS MANAGER ACCESS FUND SPC LTD.; KENNETH M. KRYS and MARGOT MACINNIS as assignees of claims assigned by MIAMI CHILDREN'S HOSPITAL FOUNDATION, OFI ASSET MANAGEMENT, GREEN & SMITH INVESTMENT MANAGEMENT LLC, THALES FUND MANAGEMENT LLC, KELLNER DILEO & CO. LLC, MARTINGALE ASSET MANAGEMENT LP, LONGACRE FUND MANAGEMENT LLC, ARNHOLD & S. BLEICHROEDER ADVISERS LLC, PICTET & CIE, RGA AMERICA REINSURANCE COMPANY, ARAB MONETARY FUND, HANSARD INTERNATIONAL LTD., CONCORDIA ADVISORS LLC, GABELLI SECURITIES, INC. and CITCO GLOBAL CUSTODY; and KENNETH M. KRYS as Trustee of the SPHINX TRUST,

                Plaintiffs,

v.



10 Civ. _____

NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1452

DEUTSCHE BANK SECURITIES INC.,
DEUTSCHE BANK TRUST COMPANY
AMERICAS and
DEUTSCHE BANK AG,

                      Defendants.

------------------------------------------------------x

TO:     THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

PLEASE TAKE NOTICE that Defendants Deutsche Bank Securities Inc., Deutsche Bank Trust Company Americas and Deutsche Bank AG (collectively, "Deutsche Bank"), by their undersigned counsel, file this Notice of Removal pursuant to 28 U.S.C. § 1452 removing this entire action from the Supreme Court of the State of New York, County of New York ("New York State Court") to the United States District Court for the Southern District of New York ("Court" or "New York District Court"). This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b).

In support of this Notice of Removal, Deutsche Bank states the following:

## STATE COURT ACTION

1.     On March 31, 2010, Plaintiffs Kenneth M. Krys and Margot MacInnis ("Plaintiffs" or "Krys") commenced a civil action by filing a Summons with Notice in the New York State Court captioned <u>Kenneth M. Krys et al. v. Deutsche Bank Securities Inc. et al.</u>, Index No. 650210/2010 (the "Summons"). Plaintiffs have not filed a complaint in the New York State Court, and no proceedings have taken place in that court.

2.     A true and correct copy of the Summons is attached hereto as Exhibit A. Deutsche Bank has not been served with the Summons.

3.     The Summons purports to bring:

[A] claim for damages suffered by plaintiffs, SPhinX Managed Futures Fund SPC and related entities belonging to the SPhinX family of hedge funds, investors in

2

those funds, and the Trustee of the SPhinX Trust holding claims of PlusFunds Group, Inc. ("Plaintiffs") arising from the knowing participation of [Deutsche Bank] in the Refco fraud and breaches of duty owed directly to SPhinX, its investors and PlusFunds. Plaintiffs' claims include claims based on breach of fiduciary duty, fraud, negligent misrepresentation, aiding and abetting fraud, aiding and abetting breach of fiduciary duty and aiding and abetting conversion.

(Summons at 1).

4. Based on the Summons, Plaintiffs assert claims in three different capacities: (i) as Joint Official Liquidators ("JOLs") of SPhinX Managed Futures Fund SPC and related entities belonging to the SPhinX family of hedge funds ("SPhinX Funds"); (ii) as purported assignees of claims assigned by various investors in those funds; and (iii) as Trustee of the SPhinX Trust holding claims of PlusFunds Group, Inc. ("PlusFunds").

5. As can be seen from an opinion in a very similar group of actions previously filed by these same Plaintiffs, the SPhinX Funds are a family of Cayman Island hedge funds created by PlusFunds. Krys v. Sugrue, Nos. 08-cv-3065, 08-cv-3086, 08-cv-7416, 2008 WL 4700920, at *1 & n.1, (S.D.N.Y. Oct. 23, 2008). On June 30, 2006, the SPhinX Funds entered into liquidation proceedings in the Cayman Islands. Id. at *3. The JOLs were appointed by the Grand Court of the Cayman Islands and have the power "to bring or defend any action, suit, prosecution or other legal proceedings, whether civil or criminal, in the name and on behalf of the company." Id. (quoting Cayman Companies Law § 109(a)).

6. The SPhinX Trust was created pursuant to the confirmed Chapter 11 Plan in the bankruptcy case of PlusFunds, In re PlusFunds Group, Inc. 06-10402 (Bankr. S.D.N.Y. Mar. 6, 2006) ("PlusFunds Bankruptcy Case"). On March 6, 2006, PlusFunds filed a Chapter 11 bankruptcy petition in the Southern District of New York. Krys, 2008 WL 4700920, at *2. The PlusFunds Chapter 11 plan (the "PlusFunds Plan") was approved by the Bankruptcy Court on August 7, 2007. Id. Pursuant to the PlusFunds Plan and confirmation order, third-party

3

litigation claims belonging to the PlusFunds estate were assigned to the SPhinX Trust, whose beneficiaries are the SPhinX Funds, the largest creditors of PlusFunds. Id. The JOLs are thus "the beneficiaries of the SPhinX Trust established by the PlusFunds Plan." Krys, 2008 WL 4700920, at *3. Kenneth Krys, in his capacity as Trustee of the SPhinX Trust, also purports to assert claims against Deutsche Bank on behalf of the SPhinX Funds.[1] The PlusFunds Bankruptcy Case remains active and pending.

7. On October 17, 2005, the Refco Debtors filed Chapter 11 bankruptcy petitions in the United States Bankruptcy Court for the Southern District of New York, Case No. 05-60006 (S.D.N.Y. Oct. 17, 2005) (RDD) ("Refco Chapter 11 Cases"). The Refco Debtors obtained confirmation of a Chapter 11 plan of liquidations ("Refco Plan") that created a series of trusts to litigate claims raised and associated with the Refco Chapter 11 Cases, provided for the appointment of various trustees, and specified that the debtors' estates would continue after plan confirmation. The Refco Plan created a Private Actions Trust to pursue causes of action held by certain creditors and equity holders of the Refco Debtors, and the Litigation Trust to pursue causes of action belonging to the Refco Debtors and their bankruptcy estates. The Refco Litigation Trustee has been deemed the representative of the Refco Debtors' bankruptcy estates. Both of these trusts have brought causes of action based on many of the same or similar facts, acts or omissions alleged in the other SPhinX cases brought by Krys in this Court and, at least based on the limited information in the Summons, alleged in this case as well. The Refco Chapter 11 Cases remain pending and active before Judge Drain.

---

[1] Under the PlusFunds Plan, James P. Sinclair was appointed as the Trustee for SPhinX Trust. See Krys, 2008 WL 4700920, at *1 n.1. According to the Summons, Kenneth M. Krys now brings claims in the capacity of SPhinX Trustee. (Summons, Caption). This is separate and distinct from Mr. Krys' role as a JOL of the SPhinX Funds.

8. The other SPhinX cases brought by Krys are <u>Krys et al. v. Sugrue et al.</u>, Nos. 08-cv-3086, 08-cv-3065 (S.D.N.Y. Mar. 26, 2008) ("Krys v. Sugrue Action"), <u>Krys v. Aaron</u>, No. 08-cv-7416 (S.D.N.Y. Aug. 21, 2008) ("Krys v. Aaron Action"), and <u>Krys et al. v. Butt</u>, No. 08-cv-8267 (S.D.N.Y. Sept. 25, 2008) ("Krys v. Butt Action") (collectively, the "Krys Actions"). The Krys Actions have been consolidated for pre-trial proceedings in the Refco Multi-District Litigation captioned as <u>In re Refco Securities Litigation</u>, No. 07-md-1902 (S.D.N.Y. Dec. 28, 2007) ("Refco MDL").[2]

9. According to the Summons, Plaintiffs seek $263 million exclusive of interest, costs and disbursements, as well as declaratory and other relief, essentially the same damages claims being made in the Krys Actions.

10. In describing the Krys Actions, Judge Lynch stated that:

> While naming different defendants, [these] actions contain substantially similar allegations, namely that certain agents, fiduciaries and insiders of Refco, PlusFunds and/or the SPhinX Funds aided and abetted Refco's improper co-mingling of Sphinx Funds assets in unprotected, non-regulated accounts at Refco Capital Markets, Ltd. ("RCM"), and that those co-mingled funds were then used to facilitate the fraudulent business operations of other Refco affiliates- to the tune of $263 million in lost SPhinX Funds assets.

<u>Krys</u>, 2008 WL 4700920, at *1. Based on the information provided by Plaintiffs in the Summons—that their claims arise "from the knowing participation of [Deutsche Bank] in the Refco fraud and breaches of duty owed directly to SPhinX, its investors and PlusFunds"—and given the overlap in the causes of action and damages claims, it is evident that the claims Plaintiffs are advancing against Deutsche Bank will be based on facts nearly identical to those that supposedly support the Krys Actions.

---

[2] On October 1, 2009, the Refco MDL was reassigned from the Honorable Judge Gerard E. Lynch to the Honorable Judge Jed S. Rakoff. See Notice of Case Reassignment No. 455, <u>In re Refco Sec. Litig.</u>, No. 07-md-1902 (S.D.N.Y. Oct. 1, 2009). On October 9, 2009, this Court issued a Case Management Order #1, which similarly recognized the grouping of the Krys Actions together. See Case Management Order #1 No. 456., <u>In re Refco Sec. Litig.</u>, No. 07-md-1902 (S.D.N.Y. Oct. 9, 2009).

11. As here, the Plaintiffs commenced the Krys Actions in state courts, there New York and New Jersey, and the defendants filed removal petitions with this Court. Krys, 2008 WL 4700920, at *3. Plaintiffs moved to remand, or, in the alternative, for abstention. Id. After extensive briefing, Judge Lynch denied Plaintiffs' motions in the Krys v. Sugrue Action and the Krys v. Aaron Action, ruling that those actions were sufficiently "related to" the PlusFunds Bankruptcy Case pursuant to 28 U.S.C. § 1452(a) to establish federal jurisdiction. See id. at *4-9. Defendant in the Krys v. Butt Action removed that case at a later date, and on October 1, 2008, this Court accepted "related to" jurisdiction and consolidated that action with the Refco MDL as well. Krys, 2008 WL 4700920, at *3 n.6.

12. Further, the Krys Actions, which have been pending before this Court since 2008, have already undergone extensive motion practice on defendants' motions to dismiss, and the Court is in the process of issuing various rulings on those motions. For example, two Reports and Recommendations have been issued by Special Master Capra, appointed by this Court through a series of Case Management Orders, concerning omnibus issues raised in the multitude of motions to dismiss filed in the Krys Actions. See Report and Recommendation of the Special Master on the Omnibus Issue of Standing No. 550, In re Refco Sec. Litig., No. 07-md-1902 (S.D.N.Y. Feb. 3, 2010) ("Standing R&R"); Report and Recommendation of the Special Master on the Omnibus Issue of Primary Violations by Refco No. 579, In re Refco Sec. Litig., No. 07-md-1902 (S.D.N.Y. Mar. 2, 2010). On March 31, 2010, the Court issued an order adopting in its entirety the Standing R&R. See Order Adopting Report and Recommendations No. 622, In re Refco Sec. Litig, No. 07-md-1902 (S.D.N.Y. Mar. 31, 2010).

## GROUNDS FOR REMOVAL PURSUANT TO 28 U.S.C. 1452(a)

13. Under 28 U.S.C. § 1452(a), "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such

district court has jurisdiction of such claim or cause of action under section 1334 of this title." Under 28 U.S.C. § 1334(b), this Court has jurisdiction to hear all civil proceedings that are "related to" cases under title 11 of the United States Code, as amended (the "Bankruptcy Code"). An action is "related to" a bankruptcy case if the litigation may have a "conceivable effect" on the bankruptcy estate or it has a "significant connection" to the bankruptcy proceeding. In re Cuyahoga Equip. Corp., 980 F.2d 110, 114 (2d Cir. 1992) ("The test for determining whether litigation has a significant connection with a pending bankruptcy proceeding is whether its outcome might have any 'conceivable effect' on the bankruptcy estate."); Rahl v. Bande, 316 B.R. 127, 133 (S.D.N.Y. 2004) ("A proceeding may have a 'significant connection' with a Chapter 11 bankruptcy case subsequent to confirmation of a plan when resolution of the dispute requires the interpretation of the plan of reorganization and the implementation of that plan."). This action is "related to" both the PlusFunds and Refco bankruptcy cases because: (i) it is conceivable that this action will impact the bankruptcy estate and/or otherwise affect the debtor(s) and the bankruptcy proceedings, and/or (ii) the action is part of the implementation of a confirmed plan and has a significant connection to the bankruptcy case.

### A.   Related to PlusFunds Bankruptcy

14.   The Plaintiffs' claims have a conceivable effect on, and a substantial connection to, the PlusFunds Bankruptcy Case. The PlusFunds Plan created the SPhinX Trust to pursue litigation claims for the benefit of the SPhinX Funds, and provided for the bankruptcy estate to continue post-confirmation. As Judge Lynch found, the PlusFunds Plan "contains a broad retention of jurisdiction provision . . . [which] expressly confers broad post-confirmation jurisdiction on the Bankruptcy Court."[3] Krys, 2008 WL 4700920, at *6. Judge Lynch's finding

---

[3]   This retention of jurisdiction provision also applies to this Court, as 28 U.S.C. § 1334(a) provides district courts with original jurisdiction of all cases under the Bankruptcy Code.

7

in denying remand in the Krys v. Sugrue and Krys v. Aaron actions is equally applicable here: "[the action], brought by the SPhinX Trustee, clearly share[s] a 'close nexus' to the PlusFunds bankruptcy because the SPhinX Trust itself is a creation of the PlusFunds Plan . . . the 'implementation' and 'execution' of the confirmed Plan is directly at issue, as the very claims being prosecuted by the Trustee 'arise under the Plan.'" Id. (citations omitted). Further, "any funds recovered by the SPhinX Trust in this case will go directly to PlusFunds' largest creditors- the SPhinX JOLs." Id. For all the same reasons found by Judge Lynch in denying the remand of the Krys v. Sugrue Action and the Krys v. Aaron Action, removal in this similar action is appropriate.

### B. Related to Refco Bankruptcy

15. This action is also "related to" the Refco Chapter 11 Cases because it has a conceivable effect on the Refco bankruptcy estates. A threshold determination that this Court will have to make is to whom each of the claims asserted in this action rightfully belong—the Plaintiffs, the Refco Litigation Trust, or another party. This determination will impact the Refco Debtors' bankruptcy estates. See J.P. Morgan Chase Bank v. Altos Hornos de Mex., S.A. de C.V., 412 F.3d 418, 426 (2d Cir. 2005) ("Bona fide questions of property ownership . . . are antecedent to the distributive rules of bankruptcy administration because they seek to determine whether an asset is actually part of the debtor's estate[.]"). Multiple parties cannot bring claims seeking redress for the same alleged injuries; a determination that the claims asserted in this action do or do not belong to these Plaintiffs will necessarily affect the pending litigation brought by the Refco Litigation Trust.

16. Indeed, while the Standing R&R in the Krys Actions recommended that claims based solely on the Refco fraud be dismissed because those claims belong to the Trustee of the Refco Litigation Trust, Plaintiffs purport to bring claims in this action based on an alleged

8

"knowing participation of [Deutsche Bank] in the Refco fraud and [other] breaches of duty." (Summons at 1). Thus, there will have to be a determination in this case as to whether Plaintiffs may in the eventual complaint against Deutsche Bank assert claims based on the "Refco fraud." As such, the ownership of claims based on the Refco fraud is an issue in this action. Plaintiffs in this action should not be permitted to circumvent this Court's unified administration of the claims related to the Refco fraud by bringing such claims in a fragmented litigation in state court. See In re Refco Inc. Sec. Litig., 628 F. Supp. 2d 432, 442 (S.D.N.Y. 2008) ("To permit this litigation to escape the usual test of federal jurisdiction . . . would permit [plaintiffs] . . . to pursue potential assets in fragmented litigation, undermining the goal of unified administration of bankruptcy cases."). This is yet another reason why removal is proper.

### C. Removal is Proper

17. As demonstrated above, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1334(b) without regard to the amount in controversy or the citizenship of the parties and is properly removable pursuant to 28 U.S.C. § 1452.

18. Deutsche Bank has established the statutory requirements for removal under 28 U.S.C. § 1446(a), as this Notice of Removal: (i) is filed in the District Court for the district and division within which this action is pending; (ii) is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure; (iii) contains a short and plain statement of the grounds for removal; and (iv) attaches hereto as Exhibit A copies of all relevant process, pleadings and/or orders in the possession of Deutsche Bank.

19. Removal is proper under 28 U.S.C. §1446(b) because this Notice of Removal is being filed within thirty days after receipt of the Summons. Deutsche Bank was not served with or otherwise received from Plaintiffs a copy of the Summons prior to April 30, 2010.

20. Removal is proper under 28 U.S.C. § 1446(d) because written notice, and a copy of this Notice of Removal, will promptly be served upon all adverse parties and filed with the clerk of the Supreme Court of the State of New York, County of New York.

WHEREFORE, Deutsche Bank removes this action from the Supreme Court of New York, County of New York, to the United States District Court for the Southern District of New York.

Dated:    New York, New York
          April 30, 2010

Respectfully submitted,

Linklaters LLP

By: _____
James R. Warnot, Jr.
Joseph B. Schmit
1345 Avenue of the Americas
New York, NY 10105
(212) 903-9000
(212) 903-9100 (fax)

Attorneys for Deutsche Bank
Securities Inc., Deutsche Bank
Trust Companies Americas and
Deutsche Bank AG