UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

In re REFCO INC. SECURITIES LITIGATION        Case No. 07-MD-1902 (JSR)

------------------------------------------------------------------X

                   This Document Relates to:

------------------------------------------------------------------X
KENNETH M. KRYS, et al.,                       :
                          Plaintiffs,   :
                                              :
                                              :   Case No. 08-CV-3065 (JSR)
              -against-                    :   Case No. 08-CV-3086 (JSR)
                                              :
CHRISTOPHER SUGRUE, et al.,                    :
                          Defendants.  :
                                              :
------------------------------------------------------------------X
KENNETH M. KRYS, et al.,                       :
                                              :
                          Plaintiffs,   :
                                              :   Case No. 10-CV-3594 (JSR)
              -against-                    :
                                              :
DEUTSCHE BANK SECURITIES INC., et al.,         :
                          Defendants.  :
                                              :
------------------------------------------------------------------X

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF LIMITED MOTION FOR RECONSIDERATION**

# TABLE OF CONTENTS

Page

**BECAUSE THE SPHINX CASH ON DEPOSIT AT RCM ON THE DATE OF THE LBO HAS BEEN RULED "NONCOMPENSABLE," "OUT OF THE CASE," AND "LEGALLY IRRELEVANT," IT SHOULD NOT BE USED TO OFFSET THE NEW MONEY DEPOSITED BY SPHINX AT RCM AFTER THE LBO** ...............................................................................................................1

**CONCLUSION** ........................................................................................................................4

Plaintiffs respectfully move the Court, pursuant to Local Civil Rule 6.3, to reconsider its June 6, 2013 Memorandum Order and deny the Defendants' motions for summary judgment.

### BECAUSE THE SPHINX CASH ON DEPOSIT AT RCM ON THE DATE OF THE LBO HAS BEEN RULED "NONCOMPENSABLE," "OUT OF THE CASE," AND "LEGALLY IRRELEVANT," IT SHOULD NOT BE USED TO OFFSET THE NEW MONEY DEPOSITED BY SPHINX AT RCM AFTER THE LBO

In the Court's Memorandum Order of June 6, 2013, the Court noted that it could discern "no principled way to earmark the cash SMFF withdrew after the alleged aiding and abetting as 'pre-wrongdoing' cash in order to evade the conclusion that the aiders and abettors did not proximately cause a net loss after they allegedly aided the fraud." Memorandum Order, MDL Docket No. 1882, dated June 6, 2013, at 7-8. In this motion, plaintiffs respectfully suggest that just such a "principled way" to earmark the cash exists -- simple tracing of SMFF's deposits after the LBO to demonstrate that the post-LBO deposits of SMFF at RCM represent fully compensable, "new money."

Plaintiffs respectfully request reconsideration of what Plaintiffs' believe is an inconsistency in the Court's ruling. In the October 17, 2012 R&R, the Special Master noted the following: "[T]he parties agree that there was $542 million on deposit at the time of the LBO; $400 million deposited after that point; and $312 million on deposit in October 2005 … ." Report and Recommendation of the Special Master on Certain Defendants' Motion for Summary Judgment, MDL Docket No. 1681, dated October 17, 2012 R&R, at 6. The dispute in the context of the current summary judgment motion centers not on the amounts involved, but on the legal effect of those numbers, particularly the legal effect of $542 million that was on deposit at RCM prior to, or at the time of, the LBO.

The Special Master determined the legal effect of that $542 million based on the prior R&Rs and orders entered in the case. Admonishing the parties, the Special Master stated that "time and time again" he and the Court had ruled as follows:

> [T]he amount of SMFF cash held at Refco before the date of any particular Defendant's wrongdoing *was not compensable*. Because the Plaintiffs could not recover those funds from any of the Defendants, it makes no sense to argue that those funds can somehow [be] used to offset the loss of completely different deposits that *remain compensable* under the rulings in this case.

October 17, 2012 R&R, at 5.

Underscoring this point, the Special Master emphasized,

> The R&Rs and prior Orders establish that the only deposits that can be recovered are those that were placed at Refco *after* the wrongdoing. It therefore makes no difference – in terms of proximate cause or damage recovery – what the amount of deposits was before the wrongdoing.

*Id*.

The Special Master concluded:

> The plain reading of the R&Rs is that the Plaintiffs have sufficiently pled that SMFF was harmed when SMFF cash was deposited at Refco in reliance on the Defendants' wrongdoing in the LBO and/or IPO. When those deposits were made in such reliance, and *that* money was not withdrawn before Refco's bankruptcy, the R&Rs provide that Plaintiffs have sufficiently pled a cause of action for those losses. In contrast, deposits placed *before* the wrongdoing are out of the case.

*Id*.

The Court was in full agreement with this reasoning:

> As the Special Master notes, prior R&Rs, as adopted by Orders of this Court, have held "time and time again" that the amount SMFF held at Refco entities before these particular defendants' alleged aiding and abetting began is "not compensable."

Memorandum Order, June 6, 2013, at 4.

2

Again, the Court noted that the non-compensability of the $542 million is an inviolable ruling; it is the law of this case:

> These holdings remain law of the case, and the Court does not disturb its earlier rulings (nor does the Special Master suggest that the Court should disturb the rulings) that cash deposited before the date of the moving defendants' alleged wrongdoing is not "compensable." In short, "deposits placed before the wrongdoing are out of the case."

*Id.*, at 5.

Indeed, the Court went further, concluding that not only was the $542 million "non-compensable," and "out of the case," it was also "legally irrelevant":

> [G]iven the Special Master's and the Court's prior rulings that deposits made before these defendants' aiding-and-abetting are "legally irrelevant" to the determination of these Defendants' wrongdoing … .

*Id.*

Logically, though, the $542 million is <u>not</u> out of the case. That much is apparent because the Court <u>used</u> the $542 million to net against the admittedly $400 million in new deposits made by SMFF after the LBO. Stated differently, if the $542 million is "non-compensable," if it is "out of the case," if it is "legally irrelevant" – as both the Special Master and this Court have concluded – then how can that same number be used to net against the $400 million deposited by SMFF after the LBO? To rule on the one hand that the $542 million is "non-compensable," "out of the case," and "legally irrelevant" for purposes of a damages analysis, and then to use that very same number to net against the admittedly $400 million put into Refco by SMFF after the LBO is to give the Defendants their cake and to allow them to eat it, too. Indeed, the inherent inequity, and unfairness, of that approach was what directly underlay the Special Master's two hypotheticals. *See* October 17, 2012 R&R at 6. One cannot logically, or fairly, hold the $542

3

million to be out of the case and irrelevant for one purpose, and then use it for another purpose to eliminate plaintiffs' legitimate damage claim.

No less important, plaintiffs *can* proffer to the Court a "principled way" of demonstrating that the money deposited by SMFF after the LBO was indeed "new money." The Joint Official Liquidators can – and will, if permitted – establish at trial the source, date and amount of the deposits that came into SMFF. As examples, Plaintiffs can demonstrate that the following investors subscribed to SPhinX *after* the date of Refco's LBO, each resulting in deposits of easily identifiable "new money" into SMFF.[1]

| Investor | Date | Amount |
|---|---|---|
| CDP Global Macro Fund Limited | September 1, 2004 | $19 million into SMFF |
| SPhinX Mgd. Fut. Index Fund | October 1, 2004 | $17.1 million into SMFF |
| CDP Global Macro Fund Limited | January 1, 2005 | $6 million into SMFF |
| SPhinX Mgd. Fut. Index Fund | February 1, 2005 | $8.1 million into SMFF |
| SGBT Lux / UMR | March 1, 2005 | $4.5 million into SMFF |
| SGBT Lux / UMR | May 1, 2005 | $4 million into SMFF |
| SPhinX Mgd. Fut. Index Fund | May 1, 2005 | $5.8 million into SMFF |

Each of these investments of "new money" resulted in deposits at RCM that would not have occurred had SMFF known the facts concerning Refco's financial position, a position deliberately obscured by the wrongdoing of these aiding and abetting defendants.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court reconsider its June 6, 2013 Memorandum Order and deny the Defendants' motion for summary judgment.

---

[1] Local Civil Rule 6.3 prevents Plaintiffs from submitting supporting materials in connection with this Motion. Plaintiffs respectfully submit that the Joint Official Liquidators can provide evidentiary support at trial demonstrating the source, date and amount of all new deposits after the date of the LBO, IPO or any other relevant trigger date.

Dated: New York, New York
June 21, 2013

**BROWN RUDNICK LLP**

By: /s David J. Molton
David J. Molton
Andrew Dash
Mason Simpson

Seven Times Square
New York, New York 10036
Tel: (212) 209-4800
Fax: (212) 209-4801
dmolton@brownrudnick.com
adash@brownrudnick.com
msimpson@brownrudnick.com

- and -

Leo R. Beus (admitted *pro hac vice*)
Dennis K. Blackhurst (admitted *pro hac vice*)
Lee M. Andelin (admitted *pro hac vice)*
BEUS GILBERT PLLC
701 N. 44th Street
Phoenix, Arizona  85008
Telephone: (480) 429-3000
Facsimile: (480) 429-3100
lbeus@beusgilbert.com
dblackhurst@beusgilbert.com
landelin@beusgilbert.com

*Attorneys for Plaintiffs*

61275534 v2