UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

| | |
|---|---|
| In re REFCO INC. SECURITIES LITIGATION | Case No. 07-MD-1902 (JSR) |

------------------------------------------------------------X

This Document Relates to:
------------------------------------------------------------X

| | |
|---|---|
| KENNETH M. KRYS, et al., : <br> : <br> Plaintiffs, : <br> : <br> -against- : <br> : <br> CHRISTOPHER SUGRUE, et al., : <br> : <br> Defendants. : <br> : | Case No. 08-CV-3065 (JSR) <br> Case No. 08-CV-3086 (JSR) |

------------------------------------------------------------X

| | |
|---|---|
| KENNETH M. KRYS, et al., : <br> Plaintiffs, : <br> : <br> -against- : <br> : <br> DEUTSCHE BANK SECURITIES INC., et al., : <br> : <br> Defendants. : <br> : | Case No. 10-CV-3594 (JSR) |

------------------------------------------------------------X


**DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR RECONSIDERATION OF THE COURT'S JUNE 6, 2013 ORDER**

## TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Abrahamson v. Fleschner*,
  568 F.2d 862 (2d Cir. 1977) ................................................................................................. 4

*Dellefave v. Access Temps., Inc.*,
  No. 99 Civ. 6098, 2001 WL 286771 (S.D.N.Y. Mar. 22, 2001) ......................................... 1

*Jones v. Carolina Freight Carriers Corp.*,
  152 F.3d 918 (2d Cir. 1998) ................................................................................................. 2

*Joseph v. Manhattan & Bronx Surface Transit Op. Auth.*,
  No. 96 Civ. 9015, 2006 WL 721862 (S.D.N.Y. Mar. 22, 2006) ......................................... 1

*Menlo v. Friends of Tzeirei Chabad in Israel, Inc.*,
  No. 11 Civ. 1978, 2013 WL 1387057 (S.D.N.Y. Apr. 5, 2013) ......................................... 1

*Pretter v. Metro N. Commuter R. Co.*,
  No. 00 Civ. 4366, 2002 WL 31163876 (S.D.N.Y. Sept. 30, 2002) ..................................... 1

*Shrader v. CSX Transp., Inc.*,
  70 F.3d 255 (2d Cir. 1995) ................................................................................................... 1

**State Cases**

*Reno v. Bull*,
  226 N.Y. 546 (1919) ............................................................................................................. 4

Plaintiffs' motion for reconsideration (the "Reconsideration Motion") of this Court's June 6, 2013, Memorandum and Order (the "Order") should be denied.  Plaintiffs fail even to acknowledge the "strict[]" standard for reconsideration, let alone meet that standard.

To obtain reconsideration, Plaintiffs "must demonstrate an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Pretter v. Metro N. Commuter R. Co.*, No. 00 Civ. 4366, 2002 WL 31163876, at *1 (S.D.N.Y. Sept. 30, 2002).  "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  A motion for reconsideration is not a vehicle to "reargue those issues already considered when a party does not like the way the original motion was resolved." *Joseph v. Manhattan & Bronx Surface Transit Op. Auth.*, No. 96 Civ. 9015, 2006 WL 721862, at *2 (S.D.N.Y. Mar. 22, 2006); *see also Menlo v. Friends of Tzeirei Chabad in Israel, Inc.*, No. 11 Civ. 1978, 2013 WL 1387057, at *1 (S.D.N.Y. Apr. 5, 2013) ("It is, of course, well settled that motions for reconsideration are not meant to afford a mere second bite at the proverbial apple.").  As the Court remarked when Plaintiffs previously (and unsuccessfully) moved for reconsideration, "Local Rule 6.3 should be 'strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court.'" *See* Feb. 16, 2012 Mem. & Order at 2 [Dkt. No. 692] (quoting *Dellefave v. Access Temps., Inc.*, No. 99 Civ. 6098, 2001 WL 286771, at *1 (S.D.N.Y. Mar. 22, 2001)).

Plaintiffs flout these demanding requirements for reconsideration.  They do not point to any change in controlling law.  Indeed, their Motion does not cite a single case, new or old.

They do not submit any new evidence.[1]  To the contrary, they again concede the dispositive fact—that after mid-2004, SMFF withdrew more money from Refco than it deposited.  *See* Reconsideration Motion at 1.  As this Court concluded, that means that any alleged wrongdoing by the Defendants in mid-2004 or later could not have caused SMFF any injury.[2]

Instead of addressing the requirements for reconsideration, Plaintiffs do precisely what the law prohibits a party seeking reconsideration from doing:  They simply repeat the central argument they made—and lost—before this Court.  In particular, they argue, yet again, that because no Defendant can be liable for the loss of cash that SMFF had deposited at Refco before that Defendant allegedly helped to conceal Refco's true financial condition, the Court cannot consider SMFF's subsequent withdrawal of that "non-compensable" cash in determining whether SMFF was harmed by that Defendant's alleged wrongdoing.  *See* Reconsideration Motion at 1, 3-4.  That is exactly the same argument Plaintiffs made in response to the Special Master's Report & Recommendation:

---

[1] Plaintiffs do offer to "provide evidentiary support at trial" showing that certain investors in SMFF invested after Refco's 2004 LBO.  Reconsideration Motion at 4.  But none of the three alleged investors they identify has ever been a plaintiff in any operative complaint or proposed complaint in this case.  Even if they had been, this Court held long ago that the only plaintiff with standing to sue (other than PlusFunds, whose claims have been dismissed) is SMFF, not its underlying investors, *see* Mar. 31, 2010 Order [Dkt. No. 427], and it is undisputed that SMFF withdrew more cash from Refco than it deposited there following the LBO.  In any event, if this evidence had any relevancy, Plaintiffs could and should have presented it before this Court entered its Order.  "A motion for reconsideration is not properly used as a vehicle for the introduction of new evidence"—or the promise later to introduce new evidence—"that could have been presented to the court prior to the decision of which consideration is sought." *Jones v. Carolina Freight Carriers Corp.*, 152 F.3d 918 (2d Cir. 1998) (Table).

[2] As the Court has recognized, the critical date is the point at which SMFF's cash deposits reached $312 million—the amount SMFF had on deposit in the fall of 2005.  The briefing and rulings on the "net deposits" motion used the "date of the LBO" as a shorthand, but the actual date is several months earlier in 2004.  *See, e.g.*, Rep. & Recomm. on Mots. for Summ. J. at 11 (Oct. 17, 2012) [Dkt. No. 813], *adopted in part*, Dec. 26, 2012 Order [Dkt. No. 877] (acknowledging this).

> [T]he Moving Defendants do not differentiate between "non-actionable" pre-LBO deposits and "actionable" post-LBO deposits—they lump them all together on a "net" basis to create the misleading impression that Plaintiffs' injuries were reduced when pre-LBO assets were withdrawn. But this ignores the fact that the Court dismissed Plaintiffs' claims for pre-LBO deposits with prejudice. *Whether pre-LBO funds were withdrawn after the LBO is irrelevant because any potential claims for pre-LBO deposits have been held to be legally invalid* . . . .

Pls.' Response to Defs.' Limited Objection to the R&R of the Special Master on Defs.' Motion for Summ. J. at 10 (Nov. 27, 2012) [Dkt. No. 826] (emphasis added); *see also id.* at 13 ("Defendants cannot have it both ways—if pre-LBO deposits cannot count toward Plaintiffs' damages," then "the withdrawal of those same pre-LBO deposits cannot count against Plaintiffs' damages at the same time."). Plaintiffs repeated the same point during oral argument before the Court. Transcript of Oral Argument before Judge Rakoff at 24:8-11 (Dec. 3, 2012) [Dkt. No. 832] (Mr. Molton: "you don't look at the entire account and just net it in a case where there are fraud items in that account and nonfraud items in that account").[3]

The Court did not overlook this argument. Just the opposite, the Court considered and rejected it: "The Court discerns no principled way to earmark the cash SMFF withdrew after the alleged aiding and abetting as 'pre-wrongdoing' cash in order to evade the conclusion that [Defendants] did not proximately cause a net loss after they allegedly aided the fraud." Order at 8. To engage in the "tracing" analysis that Plaintiffs then proposed (and now propose again), the Court observed, would be to "ignore the fact that as a proximate result of the alleged aiding and abetting, plaintiffs were able to improve their cash exposure" to an entity they now claim was

---

[3] Illustrating the degree to which the Reconsideration Motion simply repeats contentions Plaintiffs already made and lost, Plaintiffs point to the same two "hypotheticals" that the Special Master posed in his underlying Report and Recommendation. *See* Reconsideration Motion at 3. This Court addressed and rejected those hypotheticals, noting that "each materially alters the undisputed facts posed by this motion for summary judgment: they do not address the circumstance where, as here, the plaintiffs' losses and gains are the proximate result of a single alleged wrong of aiding and abetting the fraudulent concealment of Refco's financial condition." Order at 8-9.

insolvent.  *Id.* at 12.  Given this holding, which looks solely to the fact that the post-LBO withdrawals were greater than the post-LBO deposits, Plaintiffs are simply wrong in stating that "the Court used [the pre-LBO balance of] $542 million to net against the admittedly $400 million in new deposits made by SMFF after the LBO."  Reconsideration Motion at 3.

The Court's ruling was anything but "clear error," and it certainly resulted in no "manifest injustice."  Rather, the decision was supported by common sense, as well as controlling authority from the New York Court of Appeals and the Second Circuit.  Order at 6.  As the Court noted, Defendants' motion for summary judgment turned on a simple question of proximate causation:  "[W]hether these defendants' alleged aiding and abetting made plaintiffs worse off than they otherwise would have been if, counterfactually, Refco's fraud was disclosed at the moment they assisted Refco in preparing its IPO and LBO."  Order at 9.  The answer to that question was obvious.  Defendants' alleged wrongdoing in connection with the LBO did *not* make Plaintiffs worse off, because—as Plaintiffs conceded (and continue to concede)—the "single wrong of aiding the concealment of Refco's dismal financial situation" allowed SMFF to withdraw more cash from Refco than it supposedly was induced to deposit there, thus *reducing* SMFF's exposure to Refco.  *Id.* at 9.

The Court was entirely right to conclude that this undisputed fact was fatal to Plaintiffs' claims against the Bank Defendants and PwC.  As the Court observed, it is "settled law" that Plaintiffs can recover only their "'actual pecuniary loss sustained as the direct result'" of Defendants' alleged wrongdoing.  *Id.* (quoting *Reno v. Bull*, 226 N.Y. 546 (1919)).  And, in assessing whether Plaintiffs suffered any such loss, the Court properly considered any profits that resulted from the same alleged misconduct, because a plaintiff cannot "'recover for losses, but ignore his profits, where both result from a *single* wrong.'"  *Id.* (quoting *Abrahamson v.*

*Fleschner*, 568 F.2d 862 (2d Cir. 1977)).  Plaintiffs do not even mention *Reno* or *Abrahamson*, much less distinguish them.

Plaintiffs' Reconsideration Motion should be denied.

Dated: New York, New York
July 1, 2013

WILMER CUTLER PICKERING
  HALE AND DORR LLP


By: /s/ Philip D. Anker
    Philip D. Anker
    (philip.anker@wilmerhale.com)
    Peter J. Macdonald
    Jeremy S. Winer
    Ross E. Firsenbaum

7 World Trade Center
250 Greenwich Street
New York, New York 10007
Tel: (212) 230-8800
Fax: (212) 230-8888

*Attorneys for Defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated, as successor by merger to Banc of America Securities LLC*

Dated:  New York, New York
         July 1, 2013                        WINSTON & STRAWN LLP

                                                By:  /s/ Luke Connelly
                                                   Luke Connelly
                                                   (lconnelly@winston.com)
                                                 200 Park Avenue
                                                 New York, New York 10166
                                                 Tel: (212) 294-6700

                                                 and

                                                 Bruce R. Braun
                                                 Catherine W. Joyce
                                                 Linda T. Coberly
                                                 35 W. Wacker Drive
                                                 Chicago, Illinois 60601
                                                 Tel.: (312) 558-5600

                                                 *Attorneys for Defendants Grant Thornton*
                                                 *LLP and Mark Ramler*


Dated:  Washington, D.C.
         July 1, 2013                        WILLIAMS & CONNOLLY LLP

                                                By:  /s/ Craig D. Singer
                                                   John K. Villa
                                                 George A. Borden
                                                 Craig D. Singer
                                                 (csinger@wc.com)
                                                 Daniel P. Shanahan

                                                 725 Twelfth Street, NW
                                                 Washington, DC 20005
                                                 Tel.: (202) 434-5000

                                                 *Attorneys for Defendant Mayer Brown LLP*

Dated:  New York, New York
        July 1, 2013       KING & SPALDING LLP


By: /s/ James J. Capra, Jr.
    James J. Capra, Jr.
    (jcapra@kslaw.com)
    James P. Cusick

    1185 Avenue of the Americas
    New York, New York 10036-4003
    Tel.: (212) 556-2100

*Attorneys for Defendants PricewaterhouseCoopers LLP and Mari Ferris*


Dated:  New York, New York
        July 1, 2013       LINKLATERS LLP


By: /s/ James Warnot
    James Warnot
    (james.warnot@linklaters.com)

    1345 Avenue of the Americas
    New York, New York 10105
    Tel.: (212) 903-9100

*Attorneys for Defendant Deutsche Bank Securities Inc.*

Dated: New York, New York
       July 1, 2013

CAHILL GORDON & REINDEL LLP


By: /s/ Herbert S. Washer
    Herbert S. Washer
    (hwasher@cahill.com)
    Landis C. Best

    80 Pine Street
    New York, New York 10005
    Tel.: (212) 701-3000

    *Attorneys for Defendant Credit Suisse Securities (USA) LLC*