UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------x
In re REFCO INC. SECURITIES      :   07 MDL 1902 (JSR)
LITIGATION                       :
-----------------------------------------x
                                 :
      This Document Relates to:  :
-----------------------------------------x
KENNETH M. KRYS, et al.,         :
                                 :
         Plaintiffs,             :
                                 :   08 Civ. 3065 (JSR)
      -v-                        :   08 Civ. 3086 (JSR)
                                 :
CHRISTOPHER SUGRUE, et al.,      :
                                 :
         Defendants.             :
-----------------------------------------x
KENNETH M. KRYS, et al.,         :
                                 :
         Plaintiffs,             :
                                 :   10 Civ. 3594 (JSR)
      -v-                        :
                                 :   MEMORANDUM ORDER
DEUTSCHE BANK SECURITIES INC., et al., :
                                 :
         Defendants.             :
-----------------------------------------x

JED S. RAKOFF, U.S.D.J.

    On June 6, 2013, the Court issued an Order granting summary judgment to defendants PricewaterhouseCoopers LLP ("PWC"); Credit Suisse Securities (USA) LLC ("Credit Suisse"); Merrill Lynch, Pierce, Fenner & Smith, Incorporated as successor-by-merger to Banc of America Securities LLC ("BAS"); and Deutsche Bank Securities, Inc. ("DBSI") on the remaining claim against them in the above-captioned cases. On June 21, 2013 plaintiffs in these cases filed a "Limited Motion for Reconsideration," requesting review of the

Court's disposition of this case at summary judgment. In addressing the substance of the instant motion, the Court presumes familiarity with all prior proceedings in this case.

"Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion of the court." In re BDC 56 LLC, 330 F.3d 111, 123 (2d Cir. 2003). Plaintiffs here do point to "data" relating to the traceability of the profits and losses sustained on particular Refco accounts subsequent to the fraudulent disclosures made prior to Refco's 2004 LBO, which they suggest the Court overlooked. But, because the relevant question at summary judgment was not the factual question of whether SMFF's deposits at Refco could be traced, but the legal question as to whether both the deposits and the withdrawals made in the post-LBO period were enabled by the alleged participation of these defendants in the production of certain of Refco's fraudulent disclosures, the question of the traceability of particular deposits was irrelevant.

As the Court noted in its June 6, 2013 Order, plaintiffs' aiding-and-abetting claim as to these particular defendants begins with the fraudulent disclosures made just prior to Refco's 2004 LBO. The Court has repeatedly noted that, at the time of the LBO, the Refco fraud was already collapsing under its own weight. In

2

fact, a public disclosure of Refco's fraud, and the inevitable bankruptcy filing that that would have triggered, would have (and eventually did) put the entirety of plaintiffs' cash deposits at Refco at risk. Thus, as the moving defendants have argued and as plaintiffs have not contested, the very instance of concealment underlying these particular defendants' potential liability is what enabled Refco to continue as a going concern.

As defendants argued in their motion for summary judgment before the Court, the fact that these fraudulent disclosures had beneficial consequences for SMFF's exposure to the Refco fraud affects the assessment of damages caused by that fraud. In particular, though SMFF continued to make deposits into Refco accounts throughout the relevant time period, it more than compensated for its losses on those deposits by its concurrent withdrawals. It is irrelevant, however, which accounts those withdrawals were taken from; for, as plaintiffs have conceded, SMFF's ability to withdraw funds was directly related to the lease on life provided by the fraudulent disclosures allegedly produced in consultation with these defendants.

As a general rule, plaintiffs cannot claim damages where the same fraud alleged to be the cause of a loss also permitted a countervailing gain. See Ostano Commerzanstalt v. Telewide Systems, Inc. 794 F.2d 763, 766 (2d Cir. 1986). In other words, where both a plaintiff's losses and gains derived from a single causal event,

3

the losses it sustains are netted against all of that plaintiff's gains. For instance, losses resulting from a securities fraud are netted against recovered gains where both follow from a single disclosure. See Action AG v. China N.E. Petroleum Holdings Limited, 692 F.3d 34, 38 (2d Cir. 2012).

Against this background, the "relevant causal question" is "whether these defendants' alleged aiding and abetting made plaintiffs worse off than they otherwise would have been if, counterfactually, Refco's fraud was disclosed at the moment they assisted Refco in preparing its IPO and LBO." Order of June 6, 2013 at 9. Plaintiffs' motion seeks to sidestep this causal question -- a question raised squarely in the moving defendants' papers and objection to the Special Master's Report and Recommendation -- by arguing that since the Court has held that these defendants are not liable for SMFF losses on pre-LBO deposits, the post-LBO withdrawals from those accounts cannot be used to offset later losses. But where the very fraud that caused plaintiffs' losses also permitted them to recover from their pre-LBO deposits -- deposits that would have otherwise been lost in a Refco bankruptcy -- plaintiffs' recovery from those deposits must also be netted against the losses sustained from that same fraud.

In short, the moving defendants' motion, which the Court reviewed de novo, argued that even assuming the other elements of plaintiff's aiding-and-abetting claim, the effect of the fraudulent

4

disclosures that these particular defendants allegedly aided and abetted was to permit SMFF to reduce its net cash exposure to the Refco fraud. Having failed to answer this argument in their response to defendants' objection, and, indeed, having conceded in the instant motion for reconsideration that their claim rests on the premise that SMFF's post-LBO and IPO deposits "would not have occurred had SMFF known the facts concerning Refco's financial position," see Case No. 10 Civ. 3594, ECF No. 272 at 4, plaintiffs have offered no arguments or evidence to disturb the Court's conclusions in its June 6th Order.

For the foregoing reasons, plaintiffs' motion for reconsideration is hereby denied.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated:   New York, NY
         July 31, 2013