UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE REFCO INC. SECURITIES LITIGATION | CASE NO. 07-MD-1902 (JSR) |
| KENNETH M. KRYS, *ET AL.*, Plaintiffs, -against- CHRISTOPHER SUGRUE, *ET AL.*, Defendants. | CASE NO. 08-CV-3065 (JSR) CASE NO. 08-CV-3086 (JSR) |
| KENNETH M. KRYS, *ET AL.*, Plaintiffs, -against- ROBERT AARON, *ET AL.*, Defendants. | CASE NO. 08-CV-7416 (JSR) |
| KENNETH M. KRYS, *ET AL.*, Plaintiffs, -against- DEUTSCHE BANK SECURITIES INC., *ET AL.*, Defendants. | CASE NO. 10-CV-3594 (JSR) |

**ORDER**

WHEREAS, Defendants Mayer Brown LLP, Grant Thornton LLP, Joseph Collins, Paul Koury, and Mark Ramler ("Defendants") filed a Motion to Dismiss or for Other Sanctions for Spoliation of Evidence (the "Motion");

WHEREAS, Special Master Hedges entered an order on the Motion on December 13, 2012, finding among other things that H. Christopher Rose, Chief Operating Officer of PlusFunds Group, Inc., "willfully" destroyed some of his handwritten notes on or after October 12, 2005, when SMFF and PlusFunds had a duty to preserve those notes and other evidence relating to Refco; that the destroyed notes "contained relevant information"; that Mr. Rose's acts are attributable to SMFF and to PlusFunds based on Mr. Rose's position and agency principles; and that Mr. Rose's acts are, in turn, attributable to Plaintiffs, who stand in the shoes of SMFF and PlusFunds (the "Order");

WHEREAS, Paragraph 9 of the Order provided that the Special Master would "consider whether any adverse inferences (permissive or mandatory), and/or any preclusion of evidence, will issue as sanctions in favor of Defendants" after the Court decides the summary judgment motions in the *Krys v. Sugrue* matter and after Plaintiffs or Defendants announce whether they intend to call Mr. Rose as a witness at trial;

WHEREAS, the Court has ruled on all summary judgment motions;

WHEREAS, Plaintiffs have represented to the Special Master that they will not call Mr. Rose as a witness at trial;

WHEREAS, Defendants have represented that they intend to call Mr. Rose as a witness at trial;

WHEREAS, Defendants served a letter, dated July 23, 2013, requesting the imposition of an adverse inference jury instruction pursuant to the Order (the "Application"); Plaintiffs served

an opposition to the Application, dated July 31, 2013; and Defendants served a reply in further support of the Application, dated August 1, 2013; and

WHEREAS, the Special Master conducted telephonic hearings regarding the Application on Friday, July 26, 2013, and Monday, August 5, 2013;

IT IS on this ___ day of August 2013, **ORDERED** as follows:

1. Defendants' request for an adverse inference jury instruction is denied for the reasons stated by the Special Master in the transcript of the telephonic hearing held on August 5, 2013.

2. The Special Master will not rule on a spoliation remedy in the matter of *Krys v. Aaron*, pending any transfer of that action to the United States District Court for the District of New Jersey and should that Court refer the matter to the Special Master for decision.

Ronald J. Hedges
Special Master

SO ORDERED

Dated: August ___, 2013