**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------------X

IN RE REFCO INC. SECURITIES LITIGATION                    :        07 MD 1902 (JSR)

-----------------------------------------------------------------------------  X        ECF CASE

This Document Relates To:                                  :

ALL ACTIONS                                               :        [PROPOSED] BAR ORDER

-----------------------------------------------------------------------------X

WHEREAS, Kenneth M. Krys and Margot MacInnis, as Joint Official
Liquidators (the "JOLs") of SPhinX Ltd., SPhinX Macro Fund SPC, SPhinX Macro
Ltd., SPhinX Managed Futures Fund SPC, SPhinX Long/Short Equity Fund SPC,
SPhinX Convertible Arbitrage Fund SPC, SPhinX Fixed Income Arbitrage Fund SPC,
SPhinX Distressed Fund SPC, SPhinX Merger Arbitrage Fund SPC, SPhinX Special
Situations Funds SPC, SPhinX Equity Market Neutral Fund SPC, SPhinX Strategy
Fund Ltd., SPhinX Plus SPC Ltd., SPhinX Managed Futures Ltd., SPhinX Long/Short
Equity Ltd., SPhinX Convertible Arbitrage Ltd., SPhinX Fixed Income Arbitrage
Ltd., SPhinX Distressed Ltd., SPhinX Merger Arbitrage Ltd., SPhinX Special
Situations Ltd., SPhinX Equity Market Neutral Ltd. and Plus Funds Manager Access
Fund SPC Ltd. (collectively, "SPhinX" or the "SPhinX Funds") and as assignees of
claims assigned by Miami Children's Hospital Foundation, OFI Asset Management,
Green & Smith Investment Management LLC, Thales Fund Management LLC,
Kellner Dileo & Co. LLC, Martingale Asset Management LP, Longacre Fund
Management LLC, Arnhold & S. Bleichroeder Advisers LLC, Pictet & Cie, RGA
America Reinsurance Company, Deutsche Bank (Suisse) SA, Arab Monetary Fund,
Hansard International Ltd., Concordia Advisors LLC, Gabelli Securities Inc. and

Citco Global Custody (collectively the "Assignors"); and The Harbour Trust Company as Trustee of the SPhinX Trust (the "Trustee," and together with the JOLs and the SPhinX Funds, the "SPhinX Plaintiffs") created pursuant to the Fifth Amended Plan of Liquidation of PlusFunds Group, Inc. ("PlusFunds") brought certain proceedings, which together with other actions, have been coordinated pre-trial proceedings under the multidistrict litigation docket captioned *In re Refco Inc. Securities Litigation*, Case No. 07-MD-1902 (JSR) (the "Refco MDL"), all pending before the Honorable Jed S. Rakoff in the U.S. District Court for the Southern District of New York;

WHEREAS, in one of the Refco MDL proceedings, the SPhinX Plaintiffs brought suit against BAWAG P.S.K. Bank für Arbeit und Wirtschaft und Österreichische Postsparkasse Aktiengesellschaft ("BAWAG PSK") in an action captioned *Kenneth M. Krys, et al. v. Christopher Sugrue., et al.*, Case No. 07-MD-1902 (JSR), 08-3065 (JSR), and 08-3086 (JSR), for claims allegedly arising from, among other things, the failure of the SPhinX Funds, the lost business enterprise value and deepening insolvency damages of SPhinX's investment manager, PlusFunds, and the diversion of SPhinX's cash as part of the Refco fraud;

WHEREAS, all claims against BAWAG PSK were dismissed with prejudice in their entirety by Order, dated May 3, 2011, and no claims remain pending in the Refco MDL against BAWAG PSK;

WHEREAS, a settlement agreement (the "Settlement Agreement") has been entered into by and among the SPhinX Plaintiffs and BAWAG PSK;

WHEREAS, the SPhinX Plaintiffs, jointly and severally, individually and collectively, on their behalf and on behalf of their direct or indirect shareholders, predecessors, successors, past and present parents, subsidiaries, affiliates, divisions

and departments, and each of their respective past and present officers, directors,
employees, principals, agents, investors, attorneys, servants and representatives
(including but not limited to PlusFunds, the Trustee, and Assignors), and the
predecessors, successors, heirs, executors, administrators and assigns of each of the
foregoing (the "SPhinX Releasing Parties"), released, acquitted and forever
discharged-BAWAG PSK, BAWAG PSK Invest GmbH, AI-Alternative Investments
Limited, and BAWAG Malta Bank Ltd, jointly and severally, individually and
collectively, their predecessors, successors, past and present parents, shareholders,
subsidiaries, affiliates, divisions and departments, and each of their respective past
and present officers, directors, employees, agents, attorneys, servants and
representatives, and the predecessors, successors, heirs, executors, administrators and
assigns of each of the foregoing (the "BAWAG Released Parties"), from any and all
claims, demands, actions, suits and causes of action, damages and liabilities of any
nature, including without limitation claims for costs, expenses, penalties and
attorneys' fees, that the SPhinX Releasing Parties, or any of them, ever had, now has,
or hereafter can, shall or may have directly, representatively, derivatively or in any
other capacity against the BAWAG Released Parties or any of them, whether known
or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen,
actual or contingent, liquidated or unliquidated, or claims that have been, could have
been or in the future might be asserted in law or equity, on account of or arising out of
or resulting from or in any way related to any conduct regardless of where it occurred
at any time prior to the Effective Date (as defined in the Settlement Agreement)
concerning the failure of the SPhinX Funds, the lost business enterprise value and
deepening insolvency damages of PlusFunds and the diversion of SPhinX's cash as
part of the Refco fraud, or in any way related to SPhinX, PlusFunds or Refco,

including, without limitation, claims based in whole or in part on the facts,

occurrences, transactions or other matters alleged in the Refco MDL or otherwise the

subject of that litigation, or that could have been pleaded in the Refco MDL or any

related litigation, which arise under any law code, rule or regulation or any country or

jurisdiction worldwide, regardless of legal theory and regardless of the type or amount

of damages claimed, or any action taken by or on behalf of any of the BAWAG

Released Parties in connection with any claim or matter released herein or in the

Settlement Agreement, or any claims against the BAWAG Released Parties seeking

restitution and/or damages and/or an accounting of profits in respect of certain

redemption payments made to certain of the BAWAG Released Parties prior to the

collapse of the SPhinX Funds (the "Released Claims").

WHEREAS, the SPhinX Releasing Parties did not under the

Settlement Agreement release any claims, obligations, suits, judgments, damages,

debts, rights, remedies, causes of action, avoidance powers or rights, liabilities of any

nature whatsoever, and legal or equitable remedies against any individual,

corporation, partnership, association, joint stock company, joint venture, limited

liability company, limited liability partnership, trust, estate, unincorporated

organization or other entity, or any government, governmental agency or any

subdivision, department or other instrumentality thereof (collectively, a "Person"),

based upon, arising from, or in connection with the failure of the SPhinX Funds, the

lost business enterprise value and deepening insolvency damages of PlusFunds and

the diversion of SPhinX's cash as part of the Refco fraud, or in any way related to

SPhinX, PlusFunds or Refco, including, without limitation, claims based in whole or

in part of the facts, occurrences, transactions or other matters alleged in Refco MDL

or otherwise the subject of that litigation, or that could have been pleaded in the Refco

MDL, that belong to them or could be asserted by them (the "Out-of-Scope Causes of Action") against any Person who is, has been, or may be in the future a defendant in the Refco MDL other than the BAWAG Released Parties (the "Barred Persons");

NOW, THEREFORE, it is hereby:

ORDERED that all Barred Persons are hereby permanently barred, enjoined and restrained from commencing, prosecuting, or asserting in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere (including the courts of the Cayman Islands) any claim for non-contractual indemnity or contribution against any BAWAG Released Party (including any other non-contractual claim against the BAWAG Released Parties), whether or not denominated as for contribution or indemnity, where the injury to the Barred Person is the liability of the Barred Person to the SPhinX Releasing Parties, arising out of or reasonably flowing from the claims or allegations in any of the Released Claims or the Out-of-Scope Causes of Action, whether arising under state, federal or foreign law as claims, cross-claims, counterclaims, or third-party claims (collectively, the "Barred Claims"). If a court or tribunal determines that Barred Claims exist that would have given rise to liability of any BAWAG Released Party to a Barred Person but for this Order, the Barred Persons are also entitled to the judgment reduction provisions set forth herein. This Order (the "Bar Order") is without prejudice to the position of any party as to the existence, in the absence of this Bar Order, of any Barred Claim; and it is further

ORDERED that in the event any SPhinX Releasing Party asserts an Out-of-Scope Cause of Action against any Barred Person based upon, arising from, or related to the facts, allegations, or transactions underlying any Released Claims (the "Action"), then, prior to entry of any judgment or arbitration award ("Judgment") in

the Action, the Plaintiff shall provide notice of this Bar Order to legal counsel for the Barred Person in the Action. The court or tribunal hearing the Action may determine whether the Action gives rise to Barred Claims on which BAWAG Released Parties would have been liable to the Barred Persons in the absence of this Bar Order. If the court or tribunal so determines, it shall reduce any Judgment against such Barred Person in accordance with the provisions of New York General Obligations Law § 15-108(a). For the avoidance of doubt, nothing herein shall be deemed to permit a Plaintiff to recover more than a single satisfaction with respect to any Out-of-Scope Causes of Action; and it is further

ORDERED that if any Plaintiff enters into a settlement with any Person with respect to one or more causes of action based upon, arising from, or related to the Released Claims or any transaction underlying any Released Claim, then such Plaintiff shall cause to be included, and in all events, the settlement shall be deemed to include, a dismissal, release and waiver of any Barred Claims with respect to such settlement; and it is further

ORDERED that this Court shall retain continuing jurisdiction with respect to all matters concerning this Bar Order, including, without limitation, hearing a petition for relief by a Barred Person or any other party in interest in the event that a court or tribunal hearing the Action fails to apply the judgment reduction provisions of this Bar Order.

Honorable Jed S. Rakoff, U.S.D.J

Dated:    New York, New York
          3/19, 2014