**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

In re REFCO INC. SECURITIES LITIGATION

This Document Relates to:

ALL ACTIONS

Case No. 07-md-1902 (JSR)

[PROPOSED] BAR ORDER

---

WHEREAS, Kenneth M. Krys and Margot MacInnis, as Joint Official Liquidators of SPhinX Ltd., SPhinX Macro Fund SPC, SPhinX Macro Ltd., SPhinX Managed Futures Fund SPC, SPhinX Long/Short Equity Fund SPC, SPhinX Convertible Arbitrage Fund SPC, SPhinX Fixed Income Arbitrage Fund SPC, SPhinX Distressed Fund SPC, SPhinX Merger Arbitrage Fund SPC, SPhinX Special Situations Funds SPC, SPhinX Equity Market Neutral Fund SPC, SPhinX Strategy Fund Ltd., SPhinX Plus SPC Ltd., SPhinX Managed Futures Ltd., SPhinX Long/Short Equity Ltd., SPhinX Convertible Arbitrage Ltd., SPhinX Fixed Income Arbitrage Ltd., SPhinX Distressed Ltd., SPhinX Merger Arbitrage Ltd., SPhinX Special Situations Ltd., SPhinX Equity Market Neutral Ltd. and Plus Funds Manager Access Fund SPC Ltd. (collectively, "SPhinX" or the "SPhinX Funds") and as assignees of claims assigned by Miami Children's Hospital Foundation, OFI Asset Management, Green & Smith Investment Management LLC, Thales Fund Management LLC, Kellner Dileo & Co. LLC, Martingale Asset Management LP, Longacre Fund Management LLC, Arnhold & S. Bleichroeder Advisers LLC, Pictet & Cie, RGA America Reinsurance Company, Arab Monetary Fund, Hansard International Ltd., Concordia Advisors LLC, Gabelli Securities Inc. and Citco Global Custody (collectively the "Assignors") (the "JOLs"); and The Harbour Trust Company as Trustee of the SPhinX Trust (the "Trustee," and together

1

with the JOLs and the SPhinX Funds, the "SPhinX Plaintiffs") created pursuant to the Fifth Amended Plan of Liquidation of PlusFunds Group, Inc. ("PlusFunds") brought certain proceedings, which together with other actions, have been coordinated pre-trial proceedings under the multidistrict litigation docket captioned *In re Refco Inc. Securities Litigation*, Case No. 07-MD-1902 (JSR) (the "Refco MDL"), all pending before the Honorable Jed S. Rakoff in the U.S. District Court for the Southern District of New York;

WHEREAS, in one of the Refco MDL proceedings, the SPhinX Plaintiffs brought suit against Deutsche Bank Securities Inc., Deutsche Bank Trust Company Americas and Deutsche Bank AG (collectively, the "DB Defendants") in an action captioned *Kenneth M. Krys, et al. v. Deutsche Bank Securities Inc., et al.*, Case No. 10-CV-3594 (JSR);

WHEREAS, the remaining claims against the DB Defendants were dismissed by order on December 27, 2012, with an opinion supporting that order issued on June 6, 2013 (the "Dismissal Order"), and no claims remain pending in the Refco MDL against the DB Defendants;

WHEREAS a settlement agreement (the "Settlement Agreement") has been entered into by and among the SPhinX Plaintiffs and the DB Defendants;

WHEREAS, the SPhinX Plaintiffs, jointly and severally, individually and collectively, on their behalf and on behalf of their direct or indirect shareholders, predecessors, successors, past and present parents, subsidiaries, affiliates, divisions and departments, and each of their respective past and present officers, directors, employees, principals, agents, investors, attorneys, servants and representatives (including but not limited to PlusFunds and Assignors), and the predecessors, successors, heirs, executors, administrators and assigns of each of the foregoing (the "SPhinX Releasing Parties"),

2

released, acquitted and forever discharged the DB Defendants, jointly and severally, individually and collectively, their predecessors, successors, past and present parents, subsidiaries, affiliates, divisions and departments, and each of their respective past and present officers, directors, employees, agents, attorneys, servants and representatives, and the predecessors, successors, heirs, executors, administrators and assigns of each of the foregoing (the "DB Released Parties"), from any and all claims, demands, actions, suits and causes of action, damages and liabilities of any nature, including without limitation claims for costs, expenses, penalties and attorneys' fees, that the SPhinX Releasing Parties, or any of them, ever had, now has, or hereafter can, shall or may have directly, representatively, derivatively or in any other capacity against the DB Released Parties or any of them, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, or claims that have been, could have been or in the future might be asserted in law or equity, on account of or arising out of or resulting from or in any way related to any conduct regardless of where it occurred at any time prior to the Effective Date (as defined in the Settlement Agreement) concerning the failure of the SPhinX Funds, the lost business enterprise value and deepening insolvency damages of PlusFunds and the diversion of SPhinX's cash as part of the Refco fraud, or in any way related to SPhinX, PlusFunds or Refco, including, without limitation, claims based in whole or in part of the facts, occurrences, transactions or other matters alleged in the Refco MDL or otherwise the subject of that litigation, or that could have been pleaded in the Refco MDL, which arise under any law code, rule or regulation or any country or jurisdiction worldwide, regardless of legal theory and regardless of the type or amount of damages claimed, or any action taken by

or on behalf of any of the DB Released Parties in connection with any claim or matter released in the Settlement Agreement (the "Released Claims");

WHEREAS the SPhinX Releasing Parties did not under the Settlement Agreement release any claims, obligations, suits, judgments, damages, debts, rights, remedies, causes of action, avoidance powers or rights, liabilities of any nature whatsoever, and legal or equitable remedies against any individual, corporation, partnership, association, joint stock company, joint venture, limited liability company, limited liability partnership, trust, estate, unincorporated organization or other entity, or any government, governmental agency or any subdivision, department or other instrumentality thereof (collectively, a "Person"), based upon, arising from, or in connection with the failure of the SPhinX Funds, the lost business enterprise value and deepening insolvency damages of PlusFunds and the diversion of SPhinX's cash as part of the Refco fraud, or in any way related to SPhinX, PlusFunds or Refco, including, without limitation, claims based in whole or in part of the facts, occurrences, transactions or other matters alleged in Refco MDL or otherwise the subject of that litigation, or that could have been pleaded in the Refco MDL, that belong to them or could be asserted by them (the "Out-Of-Scope Causes of Action") against any Person who is, has been, or may in the future be a defendant in the Refco MDL other than the DB Released Parties (the "Barred Persons");

NOW, THEREFORE, it is hereby:

ORDERED that all the Barred Persons, are hereby permanently barred, enjoined and restrained from commencing, prosecuting, or asserting in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere any claim for non-contractual indemnity or

4

contribution against any DB Released Party (including any other non-contractual claim against the DB Released Parties), whether or not denominated as for contribution or indemnity, where the injury to the Barred Person is the liability of the Barred Person to the SPhinX Releasing Parties, arising out of or reasonably flowing from the claims or allegations in any of the Released Claims or the Out-Of-Scope Causes of Action whether arising under state, federal or foreign law as claims, cross-claims, counterclaims, or third-party claims (collectively, the "Barred Claims"). If a court or tribunal determines that Barred Claims exist that would have given rise to liability of any DB Released Party to a Barred Person but for this Order, the Barred Persons are also entitled to the judgment reduction provisions set forth herein. This Order (the "Bar Order") is without prejudice to the position of any party as to the existence, in the absence of this Bar Order, of any Barred Claim; and it is further

ORDERED that in the event any SPhinX Releasing Party asserts an Out-Of-Scope Cause of Action against any Barred Person based upon, arising from, or related to the facts, allegations, or transactions underlying any Released Claims (the "Action"), then, prior to entry of any judgment or arbitration award ("Judgment") in the Action, the Plaintiff shall provide notice of this Bar Order to legal counsel for the Barred Person in the Action. The court or tribunal hearing the Action may determine whether the Action gives rise to Barred Claims on which DB Released Parties would have been liable to the Barred Persons in the absence of this Bar Order. If the court or tribunal so determines, it shall reduce any Judgment against such Barred Person in accordance with the provisions of New York General Obligations Law § 15-108(a). For the avoidance of doubt, nothing herein shall be deemed to permit a Plaintiff to recover more than a single satisfaction with respect to any Out-Of-Scope Causes of Action; and it is further

5

ORDERED that if any Plaintiff enters into a settlement with any Person with respect to one or more causes of action based upon, arising from, or related to the Released Claims or any transaction underlying any Released Claim, then such Plaintiff shall cause to be included a dismissal, release and waiver of any Barred Claims with respect to such settlement; and it is further

ORDERED that this Court shall retain continuing jurisdiction with respect to all matters concerning this Bar Order, including, without limitation, hearing a petition for relief by a Barred Person or any other party in interest in the event that a court or tribunal hearing the Action fails to apply the judgment reduction provisions of this Bar Order.

                                                    Honorable Jed S. Rakoff, U.S.D.J

Dated:       New York, New York
              March 19, 2014